# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MARCUS BRANDON MOORER, | Case No. 1:22-cv-1212 |
| Petitioner, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Carmen E. Henderson |
| WARDEN MIKE MEINTEL, | |
| Respondent. | |

## OPINION AND ORDER

*Pro se* Petitioner Marcus Brandon Moorer is presently incarcerated at Corrections Reception Center. On July 11, 2022, Mr. Moorer filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 concerning his conviction in the Geauga County Court of Common Pleas for aggravated murder, attempted aggravated murder, and aggravated robbery. (ECF No. 1.)

The intermediate State appellate court detailed the factual and procedural background of this case. *See State v. Moorer*, Nos. 2001-G-2352 and 2001-G-2354, 2003 Ohio App. LEXIS 5081 (Ohio Ct. App. Oct. 24, 2003). On appeal, Mr. Moorer sought review of a decision of the Geauga County Juvenile Court, which issued an order to bind him over to the Geauga County Court of Common Pleas, General Division. *Id.* The appellate court affirmed that decision, finding there was "abundant competent and credible evidence" to demonstrate Mr. Moorer was not amenable to juvenile rehabilitation. *Id.* at 24-25. The Ohio Supreme Court declined to exercise

discretionary jurisdiction. *State v. Moorer*, No. 2003-2108, 2004 Ohio LEXIS 581 (Ohio 2004).

## GOVERNING LEGAL STANDARD

Promptly after the filing of a *habeas corpus* petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rules Governing Habeas Corpus Cases Under Section 2254, Rule 4. If so, the Court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response is necessary where a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

## ANALYSIS

A federal district court may entertain a habeas petition filed by a person in State custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

A habeas petition under Section 2254 must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Habeas Corpus Rules Governing § 2254 Cases, Rule 2(c). The pleading standard under Rule 2(c) "is more demanding" than that under Rule 8 of the Federal Rules of Civil

2

Procedure, which governs the pleading standard in civil proceedings other than those involving habeas petitions. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Therefore, in the habeas context, notice pleading does not suffice, and the petitioner must state facts that point to the real possibility of a constitutional error. *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (citing Rules Governing Habeas Corpus Cases, Rule 4, advisory committee's note.) Where "it is impossible to determine from the petitioner's pleadings the exact errors of fact or law raised for adjudication," dismiss is appropriate under Rule 2(c). *Reynolds v. Warden, Lebanon Corr. Inst.*, No. 2:19-CV-3495, 2019 U.S. Dist. LEXIS 152760, at *4 (S.D. Ohio Sept. 9, 2019) (citations omitted), report and recommendation adopted, No. 2:19-CV-3495, 2019 U.S. Dist. LEXIS 170829 (S.D. Ohio Oct. 2, 2019); *Roberts v. Wainwright*, No. 1:18 CV 2228, 2019 U.S. Dist. LEXIS 92446, at *4 (N.D. Ohio June 3, 2019) (citing *Blackledge*, 431 U.S. at 76).

In this case, Petitioner does not identify a proper ground for relief state any facts in support of the petition. In the petition under "Ground One," Petitioner merely includes the word "asphyxiation" followed by approximately four illegible words. The remaining grounds for relief in the petition remained blank. Even with the benefit of liberal construction, the Court is unable to decipher the nature of Petitioner's grounds for relief or to discern facts which support "a real possibility of constitutional error," and the Court is not required to construct claims on Mr. Moorer's behalf. "While the court is required to liberally and actively construe the Petition, the court is not required to construct claims on Petitioner's behalf." *Roberts*, 2019 U.S. Dist.

3

LEXIS 92446, at *5–6 (citing *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted)). Accordingly, the petition fails to set forth a claim for habeas corpus relief.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the petition for a writ of habeas corpus under 28 U.S.C. § 2254 and **DISMISSES** the action pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, under 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal could not be taken in good faith.

**SO ORDERED.**

Dated: July 14, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio